UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRIDGET KING,

    Plaintiff,

-VS-

CASE NO.:
6:15-CV-268-ORL-41-KRS

WYNDHAM VACATION RESORTS, INC.,

    Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The current principal place of business of Defendant is in Orlando, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(1), as it is the judicial district in the State where the Defendant resides.

## FACTUAL ALLEGATIONS

4. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." Mims v. Arrow Fin. Servs., LLC, –US--, 132 S.Ct. 740, 745, 181 L.Ed.2d 881 (2012).

5. Plaintiff is a natural person, and citizen of the State of Georgia, residing in Atlanta, Fulton County, Georgia.

1

6. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

7. Defendant is a corporation which was formed in Florida with its principal place of business at 6277 Sea Harbor Drive, Orlando, Florida 32821.

8. Plaintiff is the regular user and carrier of the cellular telephone number (571) 247-7126, and was the called party and recipient of Defendant's hereinafter described calls.

9. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

10. Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

11. Each call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express permission" of the Plaintiff.

12. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

13. In or about 2014, Plaintiff began receiving calls to her aforementioned cellular telephone from Defendant seeking to recover a debt from Plaintiff.

14. In or about 2014, immediately upon receipt of the calls from Defendant, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and informed an agent/representative of Defendant and demanded that the Defendant stop calling her.

15. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have

believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

16. Again, on or about July 14, 2014, Plaintiff answered a call from Defendant, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative and informed an agent/representative of Defendant that she had already instructed the Defendant at least four times to stop calling her cellular telephone number and again demanded that the Defendant stop calling her.

17. From about early 2014 through the filing of this Complaint (or such time as will be established after a thorough review of Defendants' records), despite Plaintiff's repeated, demands that Defendant stop calling her aforementioned cellular telephone number, Defendant continued its campaign of abuse, calling every day, multiple times a day in an attempt to collect a debt.

18. On or about, but not limited to, October 10, 2014 at 01:43 pm EST, October 11, 2014 at 01:58 pm EST, October 13, 2014 at 08:P48 am EST, October 17, 2014 at 08:41 am EST, October 20, 2014 at 08:47 am EST, and October 21, 2014 at 08:50 am EST, Plaintiff received an automated telephone call to her aforementioned cellular telephone from Defendant who left a voicemail which included the same pre-recorded voice leaving the following message:

> "Hello, this message is for a valued Wyndham Plus Owner. Please contact us at your earliest convenience at 1 (866) 914-0274. Our office hours are from 08:00 am to 09:00 pm Monday through Thursday, and Friday, 08:00 am to 05:00 pm EST. We look forward to speaking with you. Thank you."

19. From about early 2014 through the filing of this Complaint, Defendant has placed approximately three hundred (300) calls to Plaintiff's aforementioned cellular telephone numbers. (Please see attached **Exhibit "A"** representing a non-exclusive call log from May 13, 2014 through November 7, 2014).

20. On over 10 occasions, Plaintiff has answered Defendant's call, received Defendant's pre-recorded message, followed the prompt to be connected to a live representative, and demanded that Defendant stop calling her.

21. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express permission to call her aforementioned cellular telephone number.

22. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

23. Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed they had.

24. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals demanding that the Defendant stop calling them.

25. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

26. Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

27. Defendant violated the TCPA with respect to the Plaintiff.

28. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

29. Plaintiff incorporates Paragraphs one through twenty-eight (28).

30. Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

31. Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

Respectfully Submitted,

*s/Amanda Allen*
Amanda Allen, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
AAllen@ForThePeople.com
JEstrada@ForThePeople.com
Attorney for Plaintiff